# United States Court of Appeals
## For the First Circuit

No. 22-1310

SHANNON BEERS,

Plaintiff - Appellant,

v.

MENTOR ABI, LLC, d/b/a NeuroRestorative Maine,

Defendant - Appellee.

Before

Barron, <u>Chief Judge</u>,
Lynch and Howard, <u>Circuit Judges</u>.

**JUDGMENT**

Entered: January 19, 2023

    Plaintiff-Appellant Shannon Beers appeals from the district court's dismissal of her complaint against Defendant-Appellee Mentor ABI, LLC, d/b/a NeuroRestorative Maine ("Mentor") and its denial of her motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) (the "Rule 59(e) motion"). After careful review of the parties' briefs and the relevant portions of the record, we affirm. <u>See</u> <u>Alston</u> v. <u>Spiegel</u>, 988 F.3d 564, 571 (1st Cir. 2021) (standard for motion to dismiss for failure to state a claim); <u>Caribbean Mgmt. Grp.</u> v. <u>Erikon LLC</u>, 966 F.3d 35, 44-45 (1st Cir. 2020) (standard for Rule 59(e) motion).

    As an initial matter, we ordered Mentor to submit an affidavit of jurisdictional facts to ensure that the district court had diversity jurisdiction over this action. Based on the uncontested information provided by Mentor, it was a citizen of Delaware and Massachusetts at the time Beers filed this lawsuit. <u>See</u> <u>D.B. Zwirn Special Opportunities Fund, L.P.</u> v. <u>Mehrotra</u>, 661 F.3d 124, 125-26 (1st Cir. 2011) (per curiam) (explaining that an LLC's citizenship "is determined by the citizenship of all of its members" and describing the "iterative" process of determining citizenship when a member is itself an unincorporated entity (quoting <u>Pramco, LLC ex rel. CFSC Consortium, LLC</u> v. <u>San Juan Bay Marina, Inc.</u>, 435 F.3d 51, 54 (1st Cir. 2006))). Complete diversity, therefore, existed between Mentor and Beers, a citizen of Maine.

Turning to the substance of the appeal, Beers has waived her challenge to the district court's orders by failing in her opening brief to advance developed arguments contesting the grounds upon which the court relied in those orders. See Sparkle Hill, Inc. v. Interstate Mat Corp., 788 F.3d 25, 29-30 (1st Cir. 2015) (explaining that "we do not consider arguments for reversing a decision of a district court when the argument is not raised in a party's opening brief," especially when "the opening brief presents no argument at all challenging express grounds upon which the district court prominently relied in entering judgment"); see also Alston v. Town of Brookline, 997 F.3d 23, 41 (1st Cir. 2021) ("[A] litigant has an obligation 'to spell out [her] arguments squarely and distinctly,' or else forever hold [her] peace." (quoting Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988))); Russomano v. Novo Nordisk Inc., 960 F.3d 48, 54 n.6 (1st Cir. 2020) (deeming arguments that debut in a reply brief to be waived).

Even if we were to examine the arguments that Beers belatedly raises in her reply brief, we would still affirm. In terms of her statutory retaliation claim, Beers does not renew on appeal the contention she made in opposition to the motion to dismiss regarding the forum selection clause and the choice-of-law provision in the settlement agreement. And the district court did not abuse its discretion in denying her Rule 59(e) motion on the basis that her text-based arguments about the reach of the Maine Human Rights Act and the Maine Whistleblowers' Protection Act should have been raised earlier. See Caribbean Mgmt. Grp., 966 F.3d at 45 ("[A]t least in the absence of exceptional circumstances, a party may not advance new arguments in a [Rule 59(e)] motion . . . when such arguments could and should have been advanced at an earlier stage of the litigation."). The arguments that Beers raises on appeal in support of her contention that these Maine statutes did apply to her New Hampshire-based employment were not advanced below and improperly rely on facts that are outside of or contrary to the complaint. See Alston v. Int'l Ass'n of Firefighters, Loc. 950, 998 F.3d 11, 25 (1st Cir. 2021) ("[A]bsent the most extraordinary circumstances, legal theories not raised squarely in the lower court cannot be broached for the first time on appeal." (quoting Teamsters Union, Loc. No. 59 v. Superline Transp. Co., 953 F.2d 17, 21 (1st Cir. 1992))); Lyman v. Baker, 954 F.3d 351, 360 (1st Cir. 2020) (explaining that at the motion-to-dismiss stage, a court may consider the allegations in the complaint and limited extrinsic documents and facts).

As for her fraud claims, we agree with the district court that Beers failed to plausibly allege that she and Mentor were in a "special relationship" at the time they negotiated the settlement agreement such that Mentor had a duty to disclose its plans to acquire Beers' then-employer. See Rared Manchester NH, LLC v. Rite Aid of N.H., Inc., 693 F.3d 48, 55-56 (1st Cir. 2012) (explaining that an affirmative duty to disclose arises under Maine law only when the parties are in a "special relationship," i.e., a fiduciary or confidential one). Specifically, given that Beers and Mentor were adverse parties in litigation and both represented by counsel, it is not plausible that Beers placed trust and confidence in Mentor or that she suffered from a great disparity of power or influence. See Ramsey v. Baxter Title Co., 54 A.3d 710, 712-13 (Me. 2012) (requirements for a fiduciary relationship).

Finally, Beers has not identified any provision of the settlement agreement that Mentor breached by terminating her, and she conceded below that she was an at-will employee whose continuing employment was in no way guaranteed by the settlement agreement or any other contract. See Levesque v. Androscoggin County, 56 A.3d 1227, 1229 (Me. 2012) (recognizing

that Maine has "long adhered to the doctrine of at-will employment, by which an employer may lawfully terminate an employee for any reason not prohibited by statute or private contract").

      Affirmed. See 1st Cir. R. 27.0(c).  Beers' "Motion for Sanctions and Submission of Supplementary Information and/or in the alternative Motion to Re-Open" is denied.

                                                By the Court:

                                                Maria R. Hamilton, Clerk

cc:
Shannon Beers
Peter A. Hale
William J. Wahrer